UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4544

HECTOR DAVID PORTILLO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4545

LUIS BONILLA,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-522-A)

Submitted: February 11, 1997

Decided: March 27, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Suzanne Little, Alexandria, Virginia; Alan H. Yamamoto, Alexandria, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Jay Apperson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Hector David Portillo and Luis Bonilla were convicted of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (1994). On appeal, they argue that the evidence was insufficient to support the finding that they were guilty of conspiracy and that the district court erred in calculating the amount of drugs attributable to them. Finding no error, we affirm.

A Government informant approached Bonilla in October 1995 about purchasing cocaine, allegedly for the informant's brother-in-law who wanted to start distributing the drug in North Carolina. Bonilla contacted Portillo, and a price and quantity were eventually negotiated. On November 1, the day the transaction was to take place, the supplier became nervous and postponed the deal until the next day. The transaction failed to occur the following day, and the supplier told Portillo that he was no longer interested in supplying the drugs. Portillo contacted his brother-in-law, Gerber Villalobos, about supplying the drugs, but Villalobos suggested that they package flour to look like cocaine and steal the informant's money. A meeting was set for November 21, 1995. Portillo, Bonilla, and Villalobos were arrested when they attempted to sell the flour to the informants. No actual cocaine was ever distributed.

2

After their arrests, Portillo and Bonilla were advised of their rights and signed written waiver forms. They then provided statements in which they admitted that the original deal was for real cocaine and that the scheme to sell flour instead of cocaine did not happen until after the first supplier backed out. At trial, Portillo and Bonilla changed their story and claimed that they intended to substitute the flour from the beginning and that they never intended to sell real cocaine.

Portillo and Bonilla were prosecuted and convicted on a single conspiracy charge arising out of the failed transactions that culminated on November 1 and 2, 1995. The court dismissed Counts 2 and 3 of the indictment upon request of the government. Neither Portillo nor Bonilla were prosecuted or convicted for any offenses involving the "flour" transaction of November 21, 1995.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence was sufficient to support the convictions.

This court has held that "a variety of conduct, apart from selling narcotics, can constitute participation in a conspiracy sufficient to sustain a conviction." United States v. Burgos , 94 F.3d 849, 859 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). We find that even if Portillo and Bonilla were merely facilitators, as they now claim, this conduct would fall into the above category. In addition, we find that the Government presented evidence that Portillo and Bonilla intended to sell real cocaine during the time period charged, notwithstanding their testimony to the contrary. This aspect of the case boiled down to a credibility determination, which the jury resolved. Burgos, 94 F.3d at 868, citing United States v. Bailey, 444 U.S. 394, 414-15 (1980). Moreover, despite their attempts to argue to the contrary, Portillo and Bonilla were indicted and convicted of the events leading up to the two failed attempts to distribute actual cocaine on November 1 and 2.

3

We also affirm the district court's determination concerning the amount of drugs attributable to Portillo and Bonilla for sentencing. This factual determination will be upheld absent clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398). We find that the record supports the district court's decision. The undisputed evidence showed that Portillo and Bonilla agreed to sell five kilograms of cocaine, and the jury rejected their claim that they only intended to sell flour. "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense." USSG § 2D1.1, comment. (n.12).* We find that the district court reasonably concluded that Portillo and Bonilla had the ability to obtain at least this amount of cocaine.

We therefore affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

4